DAG/CJB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal No. 15-00088-CG |
| v. | * | |
| | * | |
| JOHN PATRICK COUCH, M.D., and | * | |
| XIULU RUAN, M.D. | * | |

## JOINT MOTION TO CONTINUE TRIAL

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Southern District of Alabama, and counsel for the defendants and move the Court to continue the trial of defendant Couch, currently set for the July 2015 trial term, and that of his co-defendant Ruan, currently set for the August 2015 trial term, until the March 2016 trial term.  As grounds for the continuance the parties would show the following:

**Speedy Trial Waivers**

The defendants' counsel advised the undersigned they join in this request and that the defendants will file Speedy Trial Waivers.

**18 U.S.C. § 3161(h)(1)(D)**

The parties anticipate filing motions in this matter. The delay resulting from

1

the filing of pretrial motions through the disposition of those motions is excludable delay.

**18 U.S.C. § 3161(h)(7)(A) & (7)(B)**

The "ends of justice" require a reasonable period of delay so that both parties have adequate time to effectively prepare for trial. Indeed, courts have found that an "ends of justice" continuance is warranted to allow for effective trial preparation. *See United States v. Harris*, 566 F.3d 422, 431 (5th Cir. 2009). "If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* delay is excludable" under the Speedy Trial Act. *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997).

The Indictment involves complex issues and will involve expert witnesses. After the United States provides all discovery[1], the defendants will need time to review the discovery and file motions. After the defendants provide reciprocal discovery, the United States will need time to review the discovery and to file motions. Defense counsel will not be able to provide reciprocal discovery until after reviewing the voluminous discovery being provided by the United States. Thus, they request additional time to do so in connection with the preparation of

---

[1] On May 20, 2015, the United States executed five search warrants and seized a voluminous number of documents. To date those documents have not been produced to the United States Attorney's Office. Once they are received, the attorneys for the United States will need to go through them and determine which documents are subject to the discovery rules and then provide those to the defense.

their defense and to comply with their discovery obligations.

This trial will be complex, and the United States seeks to avoid the disadvantage and added burden of receiving previously undisclosed evidence on the eve of trial or during the course of the trial. With the trial drawing near any belated expert summary and reciprocal discovery puts the United States at a significant disadvantage and in the position of having to request a continuance of the trial.

The parties have discussed the discovery issues, and the need for additional time for trial preparation, and agree a March 2016 trial setting would be a realistic setting. This would allow for the production of reciprocal discovery to the United States, the filing of additional pretrial motions after the Unites States has reviewed the reciprocal discovery, any hearings necessitated by those motions, and effective trial preparation. All parties request additional time for trial preparation.

The ends of justice served by a continuance in this matter outweigh the best interest of the public and the defendants in a speedy trial, considering the unusual and complex nature of the case, the volume of discovery and the need for counsel to effectively prepare.

**Other Considerations**

The defendants will not be prejudiced by a continuance until the March 2016 trial term. Neither defendant is in custody.

Further, the defendants are joined for trial in the indictment and a trial one month on one defendant and the following month on the other defendant would be a waste of judicial recourses.

**Pre-trial Schedule**

The trial of this matter will be lengthy and a pretrial schedule will expedite the resolution of potential trial issues, potentially shortening the trial of this matter. The United States requests the Court allow the United States until August 30, 2015 to provide all discovery, allow the defense until September 30, 2015, to provide reciprocal discovery to the United States, allow the United States three weeks following the receipt of reciprocal discovery within which to file motions based on the review of the discovery, and set a final pretrial conference with the Court in mid-February, 2016.   The parties also request a final motion deadline of October 30, 2015 and a final deadline for notice of experts the same date.

WHEREFORE, the parties move the Court to continue the trial of this matter until the March 2016 trial term.

Respectfully submitted this 8th day of June, 2015.

                                              KENYEN R. BROWN
                                              UNITED STATES ATTORNEY
                                              by:

                                              s/Deborah A. Griffin

>Deborah A. Griffin
>Assistant United States Attorney
>United States Attorney's Office
>63 S. Royal Street, Suite 600
>Mobile, Alabama 36602
>Telephone: (251) 441-5845

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

>/s/ Deborah A. Griffin
>Deborah A. Griffin
>Assistant United States Attorney